TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Phillip Malik,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Malik,<br><br>  Plaintiff,<br><br>  vs.<br><br>Equifax Information Services, LLC, a Georgia corporation,<br>Experian Information Solutions, Inc., an Ohio corporation, and<br>Bank of America, National Association, a North Carolina corporation,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, Phillip Malik, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, et seq. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Chandler, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains its registered agent in Maricopa County, Arizona; and

c. Bank of America, National Association ("Bank of America"), which is a North Carolina corporation that maintains its registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Bank of America has reported its trade lines with account numbers 549099199836XXXX ("Errant Trade Line No. 1) and 42642969980 ("Errant Trade Line No. 2") on Plaintiff's Experian and Equifax credit files. The seven year time limit for reporting such trade lines has expired, as the last time that Plaintiff made any payment on both trade lines was in 2007.

7. In October of 2014, Mr. Malik noticed that Bank of America reported both Errant Trade Lines on his credit reports. At this time, he submitted a letter to Experian and Equifax, disputing Errant Trade Line No. 1 and Errant Trade Line No. 2.

8. Upon information and belief, Equifax and Experian transmitted Mr. Malik's consumer dispute to Bank of America.

9. On or about March 6, 2015, Plaintiff obtained his Experian and Equifax credit files and noticed that Bank of America had continued to report both of its Errant Trade Lines.

10. On or about March 12, 2015, Mr. Malik submitted another letter to Experian and Equifax, disputing Errant Trade Line No. 1 and Errant Trade Line No. 2.

3

11. Upon information and belief, Equifax transmitted Mr. Malik's consumer dispute to Bank of America.

12. On or about April 9, 2015, Mr. Malik received correspondence from Experian, which stated that it had received a suspicious request and that it had determined that it was not sent by him.  It also stated that it would not be initiating any disputes based on the suspicious correspondence.

13. On or about April 13, 2015, Mr. Malik received Equifax's investigation results, which showed that Bank of America retained both Errant Trade Line No. 1 and Errant Trade Line No. 2.

14. On or about April 28, 2015, Mr. Malik received Equifax's reinvestigation results, which again revealed that Bank of America retained both Errant Trade Line No. 1 and Errant Trade Line No. 2.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA**

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Equifax and Experian of Mr. Malik's consumer disputes to the Errant Trade Lines, Bank of America negligently failed to conduct a proper reinvestigation of Mr. Malik's disputes as required by 15 USC 1681s-2(b).

17. Bank of America negligently failed to review all relevant information available to it and provided by Equifax and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax and Experian to remove both Errant Trade Line No.1 and Errant Trade Line No.2.

18. The Errant Trade Lines are inaccurate and create a misleading impression on Mr. Malik's consumer credit file with Equifax and Experian to which it is reporting such trade line.

19. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Mr. Malik has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. Bank of America is liable to Mr. Malik by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Mr. Malik has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Bank of America for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax and Experian that Mr. Malik disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Mr. Malik's disputes.

24. Bank of America willfully failed to review all relevant information available to it and provided by Equifax and Experian as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Bank of America's willful failure to perform its respective duties under the FCRA, Mr. Malik has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Bank of America is liable to Mr. Malik for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Malik as that term is defined in 15 USC 1681a.

29. Such reports contained information about Mr. Malik that was false, misleading, and inaccurate.

30. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Malik, in violation of 15 USC 1681e(b).

31. After receiving Mr. Malik's consumer disputes to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Malik has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Equifax is liable to Mr. Malik by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Malik as that term is defined in 15 USC 1681a.

36. Such reports contained information about Mr. Malik that was false, misleading, and inaccurate.

37. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Malik, in violation of 15 USC 1681e(b).

38. After receiving Mr. Malik's consumer disputes to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Malik has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Equifax is liable to Mr. Malik by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Malik as that term is defined in 15 USC 1681a.

43. Such reports contained information about Mr. Malik that was false, misleading, and inaccurate.

44. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Malik, in violation of 15 USC 1681e(b).

45. After receiving Mr. Malik's consumer disputes to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Malik has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Experian is liable to Mr. Malik by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Malik as that term is defined in 15 USC 1681a.

50. Such reports contained information about Mr. Malik that was false, misleading, and inaccurate.

51. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Malik, in violation of 15 USC 1681e(b).

52. After receiving Mr. Malik's consumer disputes to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Malik has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Experian is liable to Mr. Malik by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

**1** DATED: May 21, 2015                                      KENT LAW OFFICES

By: */s/  Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Phillip Malik